IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| AIMEN HALIM, individually and on behalf of all others similarly situated, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 1:23-cv-01495 ) |
| BUFFALO WILD WINGS, INC. and INSPIRE BRANDS, INC., | ) ) ) ) |
| Defendants. | ) ) ) |

**BUFFALO WILD WINGS, INC.'S AND INSPIRE BRANDS, INC.'S MOTION FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS**

Douglas Alan Albritton (Bar #6228734)
Matthew John Kramer (Bar #6283296)
ACTUATE LAW LLC
641 West Lake
5th Floor
Chicago, IL 60661
(312) -579-3108
doug.albritton@actuatelaw.com
matthew.kramer@actuatelaw.com

Jason D. Rosenberg (IL Bar# 6275801)
Andrew G. Phillips (*pro hac vice*)
Alan Pryor (*pro hac vice*)
ALSTON & BIRD LLP
1201 W. Peachtree Street
Atlanta, Georgia 30309
(404) 881-7000 (telephone)
(404) 881-7777 (facsimile)
jason.rosenberg@alston.com
andrew.phillips@alston.com
alan.pryor@alston.com

***Attorneys for Buffalo Wild Wings, Inc. and Inspire Brands, Inc.***

Defendants Buffalo Wild Wings, Inc. ("BWW") and Inspire Brands, Inc. ("Inspire"; collectively with BWW, "Defendants") respectfully move for the Court to consider the full versions of Exhibits A through D (attached hereto) in connection with Defendants' Motion to Dismiss Plaintiff's Amended Class Action Complaint (Dkt. 6). These Exhibits are all central to Plaintiff's allegations against Defendants and whose authenticity is not in question. The Court, therefore, may take judicial notice of them under Federal Rule of Evidence 201. In the alternative, the Court may also consider Exhibits A through C under the incorporation by reference doctrine because Plaintiff's Amended Complaint expressly refers to and relies on these sources to assert Plaintiff's claims against Defendants.

Plaintiff's Amended Complaint expressly refers to and relies on the great majority of the documents at issue in this Request for Judicial Notice. Specifically, Plaintiff's Amended Complaint identifies the following:

1. <u>The Counter Article (the "Counter Article")</u>. The Counter Article is identified, hyperlinked and quoted in the Amended Complaint at ¶¶ 21-25. A true and correct copy of the Counter Article, which can be accessed at <https://thecounter.org/super-bowl-boneless-chicken-wings-poultry-economics/> is attached hereto as **Exhibit A.**

2. <u>Article from the New York Times ("NYT Article")</u>. Like the Counter Article above, the 2009 NYT Article is identified, hyperlinked and quoted in the Amended Complaint at ¶¶ 26-27 and is used by Plaintiff to support the purported "motive" behind BWW's naming the Products "Boneless Wings." A true and correct copy of the NYT Article, which can be accessed at <https://www.nytimes.com/2009/10/13/business/economy/13wings.html> is attached hereto as **Exhibit B.**

3. <u>The Buffalo Wild Wings Menu (the "Menu")</u>. The Amended Complaint challenges the name of the products at issue – Boneless Wings – as set out in BWW's Menu. Dkt. 6 ¶ 30-33. The Amended Complaint includes an image excerpt from the Menu at ¶ 30. A true and correct copy of the full Menu in circulation when Plaintiff purchased the Products is attached hereto as **Exhibit C**.

Also attached to this Request for Judicial Notice are additional publicly available resources, namely, the first 15 results (excluding sponsored results) that are returned when searching on Google.com for

1

"Boneless Wing Recipe" (the "Boneless Recipes").[1] True and correct copies of the Boneless Recipes are attached hereto as **Exhibit D.**

The links to and information contained in Exhibits A through D are "central to Plaintiff's allegations" by their "reference[ ] in the complaint" or otherwise are from resources of which the Court may take judicial notice. The Court, therefore, may properly consider them in connection with Conagra's motion to dismiss. *See, e.g.*, *Strautins v. Trustwave Holdings, Inc.*, 27 F. Supp. 3d 871, 880 n.13 (N.D. Ill. 2014)(incorporation by reference); *Martin v. Living Essentials, LLC*, 160 F. Supp. 3d 1042, 1047 n.5 (N.D. Ill. 2016) ("The Court may take judicial notice of the contents of a website.")..

## LEGAL STANDARD

There are two exceptions to the general rule that a district court should consider only the complaint: (a) judicial notice; and (b) incorporation by reference. *Olson v. Bemis Co.*, 800 F.3d 296, 305 (7th Cir. 2015). Under both exceptions, the Court may properly consider the Exhibits without converting Defendants' Motion to Dismiss into a motion for summary judgment.

*First*, under Federal Rule of Evidence 201(b), a court may take judicial notice of a fact that is not subject to reasonable dispute because it "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." The scope of Rule 201(b) also extends to publicly available documents whose accuracy cannot be contested, particularly where the document is quoted

---

[1] The Boneless Recipes consist of screenshots of the following webpages: (i) https://www.chilipeppermadness.com/recipes/boneless-buffalo-wings/; (ii) https://www.allrecipes.com/recipe/151266/boneless-buffalo-wings/; (iii) https://thegirlonbloor.com/how-to-make-boneless-wings/; (iv) https://dinnersdishesanddesserts.com/boneless-chicken-wings/; (v) https://bakeitwithlove.com/boneless-chicken-wings/; (vi) https://easychickenrecipes.com/boneless-buffalo-wings/; (vii) https://sweetandsavorymeals.com/crispy-boneless-chicken-wings/; (viii) https://coupleinthekitchen.com/web-stories/air-fryer-boneless-wings/; (ix) https://lilluna.com/boneless-buffalo-wings/; (x) https://www.persnicketyplates.com/boneless-wings/; (xi) https://www.eatingonadime.com/boneless-chicken-wings-recipe/; (xii) https://sailorbailey.com/blog/boneless-wings/; (xiii) https://dinnerthendessert.com/boneless-buffalo-wings/; (xiv) https://temeculablogs.com/air-fryer-boneless-wings/; (xv) https://www.foodnetwork.com/recipes/boneless-wings-5456897 (each last visited on June 26, 2023).

2

or referenced in a complaint. *See, e.g.*, *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 568 n.13 (2007) (explaining that the district court was entitled to take judicial notice under Rule 201 of the full contents of an article partially quoted in a complaint); *Global Mat'l Techs., Inc. v. Dazheng Metal Fibre Co. Ltd.*, No. 12-cv-01851, 2013 WL 80369, at *3 (N.D. Ill. Jan. 7, 2013) (stating that judicial notice is appropriate for "facts that are 'not subject to reasonable dispute' because they are either 'generally known within the . . . court's territorial jurisdiction,' or 'can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned'") (quoting Fed. R. Evid. 201(b)); *ChampionsWorld LLC v. U.S. Soccer Fed'n, Inc.*, 726 F. Supp. 2d 961, 965 (N.D. Ill. 2010) (judicially noticing "public documents whose accuracy is easily verifiable and not subject to reasonable dispute").

***Second***, and in the alternative, the Court may consider materials outside the four corners of the Amended Complaint under the incorporation by reference doctrine. Specifically, when a plaintiff has referred to a document in the complaint and the document is central to the claims at issue, the court may consider it as part of the pleadings. *Olson*, 800 F.3d at 305. "A court deciding a motion to dismiss under Rule 12(b)(6) may consider documents that are attached to a complaint or that are central to the complaint, even if not physically attached to it," *Cmty. Bank of Trenton v. Schnuck Mkts., Inc.*, 887 F.3d 803, 810 (7th Cir. 2018) (collecting cases), and courts have found that including website hyperlinks in a complaint (like the Amended Complaint does here) is sufficient to invoke the incorporation by reference doctrine. *See, e.g.*, *Strautins*, 27 F. Supp. 3d at 880 n.13.

## **ANALYSIS**

The Court should consider Exhibits A through C because they are all referenced and relied on in Plaintiff's Amended Complaint,[2] are central to Plaintiff's claims, or are not in reasonable dispute.

---

[2] Specifically, the Complaint either expressly identifies the documents or websites at issue in Exhibits A through C. *See, e.g.*, Am. Compl, Dkt. 6, at ¶¶ 21-25 (identifying and quoting the NYT Article); ¶¶ 26-27 (hyperlinking and quoting from the Counter Article); and ¶¶ 30-33 (referencing the Menu and incorporating an image excerpt thereof).

3

*See, e.g.*, *Strautins*, 27 F. Supp. 3d at 880 n.13 (on a motion to dismiss, considering website links referenced in footnotes of the complaint because the website was "referenced in the complaint and central to the plaintiff's allegations."); *Goplin v. WeConnect, Inc.*, 893 F.3d 488, 491 (7th Cir. 2018) (holding that district court properly considered the contents of the defendant's website in ruling on its motion to dismiss). The Court should also consider Exhibit D because the publicly available Boneless Recipes' incorporation of boneless chicken breast meat can be readily determined from the recipes and whose accuracy cannot reasonably be questioned. Indeed, courts in this Circuit and others readily consider similar categories of documents in evaluating the sufficiency of a complaint, including, but not limited to:

A. <u>Menus and Product Labels</u>: *Robinson v. Walgreen Co.*, No. 20-C-50288, 2022 WL 204360, at *2 n.3 (N.D. Ill. Jan. 24, 2022) (on a motion to dismiss, the court considered the product label because it was "referenced in the complaint"); *see also Phillips v. P.F. Chang's China Bistro, Inc.*, No. 5:15-cv-00344, 2015 WL 4694049, at *2 (N.D. Cal. Aug. 6, 2015) (taking judicial notice of menus on motion to dismiss because "the menu forms the basis of plaintiff's claim" (internal quotations omitted)).

B. <u>Third-party Publications and Webpages</u>: *Wilson v. Northland College,* No. 17-cv-337, 2018 WL 341749, at *1, n.1 (W.D. Wisc. Jan. 9, 2018) (considering news broadcasts on a motion to dismiss that were incorporated by reference in plaintiff's complaint); *Strautins*, 27 F. Supp. 3d at 880 n.13 (considering information included on websites that were hyperlinked in the complaint); *Willard v. Tropicana Mfg. Co.*, 577 F. Supp. 3d 814, 827 n.4 (N.D. Ill. 2021) (considering website the plaintiff referenced in the complaint to support its claim); *Reinitz v. Kellogg Sales Co.*, No. 21-cv-1239, 2022 WL 1813891, at *3, n.2 (C.D. Ill. June 2, 2022) (considering plaintiff's recipe book in deciding motion to dismiss);

4

*S. Grouts & Mortars, Inc. v. 3M Co.*, No. 07-61388, 2008 WL 4346798, at *16 (S.D. Fla. Sep. 16, 2008) ("Using the same services available to SGM, namely a whois.net search of domain name registrations and the Google search engine, the Court will take judicial notice that several of the domain names listed by SGM are either not registered to 3M, or have an obviously legitimate connection to 3M."); *Permenter v. FedEx Freight, Inc.*, No. 7:14-cv-104, 2016 WL 878496, at *2 n.3 (M.D. Ga. Mar. 7, 2016) (taking judicial notice of results of Google Maps search).

Here, Exhibits A through D all fit comfortably in each of the categories of documents that courts will consider on a motion to dismiss, either under the incorporation by reference doctrine or as subject to judicial notice. In addition, Exhibits A through C are central to Plaintiff's claims by their reference in the operative Amended Complaint or all Exhibits are from resources of which the Court may take judicial notice. Whether the Court chooses to judicially notice them or concludes they are incorporated by reference, it should properly consider them in evaluating the sufficiency of the allegations in the Amended Complaint.

## **CONCLUSION**

Accordingly, Defendants respectfully submits that the Court should take judicial notice of Exhibits A through D, or in the alternative, deem Exhibits A through C incorporated by reference in the Amended Complaint and consider them in connection with Defendants' Motion to Dismiss.

Respectfully submitted this 27th day of June, 2023.

                By:  */s/ Jason D. Rosenberg*

                      Jason D. Rosenberg (IL Bar# 6275801)
                      Andrew G. Phillips  (*pro hac vice*)
                      Alan F. Pryor (*pro hac vice*)
                      Alston & Bird LLP
                      1201 W. Peachtree Street
                      Atlanta, Georgia 30309
                      Phone: (404) 881-7000
                      Fax: (404) 881-7777
                      jason.rosenberg@alston.com
                      andrew.phillips@alston.com
                      alan.pryor@alston.com

                      Douglas Alan Albritton (Bar #6228734)
                      Matthew John Kramer (Bar #6283296)
                      ACTUATE LAW LLC
                      641 West Lake
                      5th Floor
                      Chicago, IL 60661
                      (312) -579-3108
                      doug.albritton@actuatelaw.com
                      matthew.kramer@actuatelaw.com

                      *Counsel for Buffalo Wild Wings, Inc. and Inspire Brands, Inc.*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing was filed on June 27, 2023, with the Court and served electronically through the CM/ECF system to all counsel of record registered to receive a Notice of Electronic Filing for this case.

*/s/ Jason D. Rosenberg*
Jason D. Rosenberg