**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

------------------------------------------------------- x
                                                                   :

Aimen Halim, on behalf of himself and all others similarly situated,

                Plaintiff,

    v.

Buffalo Wild Wings, Inc. and Inspire Brands, Inc.,

                Defendants.

CASE NO. 1:23-cv-01495

**PLAINTIFF'S RESPONSE TO BUFFALO WILD WINGS, INC. AND INSPIRE BRANDS, INC.'S NOTICE OF SUPPLEMENTAL AUTHORITY**

------------------------------------------------------- x

      Defendant contends that *Berkheimer v. REKM, L.L.C.*, No. 2023-0293, 2024-Ohio-2787 (July 25, 2024) supports dismissal of Plaintiff's claims. But in *Berkheimer*, the court determined that a consumer could have reasonably expected to find a bone in a "boneless" wing because the bone was natural to the chicken meat used to produce the boneless wing. *See id*. at *P25. Here, Plaintiff contends that it is plausible for reasonable consumers to believe a boneless ***wing*** is made from deboned wings, and as such, is comprised of chicken wing meat. Thus, *Berkheimer* examined a completely different legal issue. Further, it would seem based on *Berkheimer* that if it is reasonable to expect a bone in a boneless wing, it would be just as reasonable for the bone to be in the boneless wing because it was originally a wing. Still, Defendant attempts to rely on comments from the *Berkheimer* court that were unrelated to the case. Specifically, the court stated, "[a] diner reading 'boneless wings' on a menu would no more believe that the restaurant was warranting the absence of bones in the items than believe

1

that the items were made from chicken wings[.]" *Id.* at *P23. But the inquiry about whether reasonable consumers are misled focuses on how *consumers* interpret the challenged representation. This inquiry should not be determined by the comments of a court in an unrelated matter. *See Bell v. Publix Super Markets, Inc.*, 982 F.3d 468, 481 (7th Cir. 2020) ("What matters here is how consumers actually behave—how they perceive advertising and how they make decisions. These are matters of fact, subject to proof that can be tested at trial, even if as judges we might be tempted to debate and speculate further about them."); *Stoltz v. Fage Dairy Processing Indus.*, S.A., No. 14-CV-3826 MKB, 2015 WL 5579872, at *20 (E.D.N.Y. Sept. 22, 2015) ("[A]t least in some cases, '[a] federal trial judge, with a background and experience unlike that of most consumers, is hardly in a position to declare' that reasonable consumers would not be misled."). Thus, Defendant's supplemental authority is not relevant.

DATED: August 5, 2024

**TREEHOUSE LAW, LLP**

By: /s/ Ruhandy Glezakos

Ruhandy Glezakos
Benjamin Heikali
2121 Avenue of the Stars, Suite 2580
Los Angeles, CA 90067
Telephone: (310) 751-5948
rglezakos@treehouselaw.com
bheikali@treehouselaw.com

*Attorneys for Plaintiff and the Putative Classes*